**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| CARA L. ZACKS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 25-cv-10201-DJC |
| NEWREZ LLC c/o PHH MORTGAGE SERVICES and DEUTSCHE BANK NAT'L TRUST CO., as Trustee for GSAA HOME EQUITY TRUST 2006-11, ASSET-BACKED CERTIFICATES, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER**

**CASPER, C. J.**                                                                    **June 18, 2026**

## I.     Introduction

Plaintiff Cara L. Zacks ("Zacks") has filed this lawsuit against Defendants Newrez LLC c/o PHH Mortgage Services and Deutsche Bank National Trust Co., as Trustee for GSAA Home Equity Trust 2006-11, Asset-Backed Certificates ("Deutsche Bank") (collectively, "Defendants") alleging that Defendants failed to comply with their obligations under the statutory power of sale pursuant to Mass. Gen. L. c. 183, § 21 and seeking a declaration that Defendants' acceleration of her mortgage is thus null and void.  D. 1-1.  Defendants have now moved for summary judgment. D. 29.  For the reasons stated below, the Court ALLOWS Defendants' motion.  Id.

## II.     Standard of Review

The Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter

1

of law.  Fed. R. Civ. P. 56(a).  "A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law."  Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting Sánchez v. Alvarado, 101 F. 3d 223, 227 (1st Cir. 1996)).  The movant "bears the burden of demonstrating the absence of a genuine issue of material fact."  Carmona v. Toledo, 215 F. 3d 124, 132 (1st Cir. 2000); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant meets its burden, the non-moving party may not rest on the allegations or denials in her pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but "must, with respect to each issue on which she would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in her favor," Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F. 3d 1, 5 (1st Cir. 2010).  "As a general rule, that requires the production of evidence that is 'significant[ly] probative.'"  Id. (alteration in original) (quoting Anderson, 477 U.S. at 249).  The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor."  Noonan v. Staples, Inc., 556 F. 3d 20, 25 (1st Cir. 2009).

## III.    Factual Background

The following facts are drawn from Defendants' statement of material facts, D. 31, Zacks's response, D. 33, and the exhibits referenced and attached therein.  These facts are undisputed unless otherwise noted.

On or about December 20, 2006, Zacks and her husband mortgaged their real property located at 33 Donald Allen Drive, Mansfield, Massachusetts (the "Property"), executing a promissory note in favor of NOVASTAR MORTGAGE, INC., in the original principal amount of $468,000.00 which was recorded with the Northern Bristol Registry of Deeds (the "Registry").  D. 31 ¶¶ 1-3; D. 33 ¶¶ 1-3.  On July 3, 2014, Mortgage Electronic Registration Systems, Inc., as nominee for NOVASTAR MORTGAGE, INC., executed an Assignment of Mortgage transferring

2

the Mortgage to Deutsche Bank as Trustee, which was recorded with the Registry on July 10, 2014.

D. 31 ¶¶ 4-5; D. 33 ¶¶ 4-5.  Paragraph 22 of the Mortgage states, in relevant part:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Agreement. . . .  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.

D. 31 ¶ 6; D. 33 ¶ 6; D. 29-3 at 12.

In November 2020, Zacks's husband passed away, leaving Zacks as the remaining mortgagor on the Property.  D. 31 ¶ 7; D. 33 ¶ 7.  Beginning with her June 1, 2022 payment, Zacks ceased making mortgage payments on the Property.  D. 31 ¶ 9; D. 33 ¶ 9.  On October 4, 2022, Notices of Default were sent to both Zacks and her late husband "to comply with Paragraph 22 of the Mortgage" (the "October 2022 Notices of Default").  D. 31 ¶¶ 10-11; D. 33 ¶¶ 10-11; see D. 29-10.  The October 2022 Notices of Default stated that:  (1) Zacks and her husband owed $12,802.86 in past due mortgage payments; (2) "[i]n order to cure the default, payment for the entire total amount past due, plus any amount(s) becoming due in the interim, must be received on or before [November 8, 2022]"; (3) "[f]ailure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the [Mortgage] and sale of the Property;" and (4) "[a] customer has the right to reinstate the account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to

3

acceleration and sale." D. 29-10 at 3, 7. Although Zacks does not dispute that the October 2022 Notices of Default were sent to her, she "does not recall receiving this notice." D. 33 ¶ 11.

On or about April 15, 2024, a letter entitled "90 Day Right to Cure Your Mortgage Default" was mailed to Zacks (the "April 2024 Right To Cure Notice"). D. 31 ¶ 13; D. 33 ¶ 13; D. 29-11. On or about that same day, a separate letter entitled "RIGHT TO REQUEST A MODIFIED MORTGAGE LOAN" was also sent to Zacks. D. 31 ¶ 14; D. 33 ¶ 14; D. 29-12. Zacks did not cure the default on the mortgage after these correspondences were sent. D. 31 ¶ 18; D. 33 ¶ 18. To date, Defendants have not conducted a foreclosure sale. D. 31 ¶ 19; D. 33 ¶ 19.

## IV.    Procedural History

Zacks initiated this action in Bristol Superior Court on December 17, 2024, D. 1-1, and Defendants subsequently removed the action to this Court, D. 1. Defendants have now moved for summary judgment. D. 29. The Court heard the parties on the pending motion and took this matter under advisement. D. 42.

## V.    Discussion

### A.    Mass. Gen. L. c. 183, § 21

Zacks alleges that Defendants violated Mass. Gen. L. c. 183, § 21 by failing to comply with Paragraph 22 of the Mortgage's acceleration requirements that they give her notice of her breach of the Mortgage agreement and that such notice include the enumerated information under said provision. D. 1-1 ¶¶ 24-25. She also alleges that any purported notice violated the terms of the Mortgage by containing an additional statement not required by Paragraph 22. Id. ¶ 26. Defendants move for summary judgment on the grounds that: (1) the October 2022 Notices of Default strictly complied with the Mortgage terms and the other pre-foreclosure letters did not require strict compliance; (2) even if the other pre-foreclosure notices were subject to strict

4

compliance, they were not misleading; and (3) Zacks has not suffered any cognizable damages. D. 30 at 6-14.

"'Massachusetts does not require a [mortgagee] to obtain judicial authorization to foreclose on a mortgaged property.'" Pinti v. Emigrant Mortg. Co., 472 Mass. 226, 232 (2015) (alteration in original) (quoting U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 645-46 (2011)). "Accordingly, a mortgagee may conduct a foreclosure by exercise of the statutory power of sale set out in [Mass. Gen. L. c. 183, § 21], where, [] the mortgage itself gives the mortgagee a power of sale and includes by reference the statutory power." Id. (internal citation omitted). "Under the terms of the statutory power of sale [outlined in Mass. Gen. L. c. 183, § 21], the power may be exercised 'upon any default in the performance' of a condition of the mortgage, such as the mortgagor's failure to pay the note underlying the mortgage." Id. (quoting Mass. Gen. L. c. 183, § 21). "Section 21 expressly requires, however, that to effectuate a valid foreclosure sale pursuant to a power of sale, the mortgagee must 'first comply[] with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale.'" Id. Accordingly, "one who sells under a power [of sale] must follow strictly its terms; the failure to do so results in no valid execution of the power, and the sale is wholly void." Fed. Nat'l Mortg. Ass'n v. Marroquin, 477 Mass. 82, 86 (2017) (internal citations and quotation marks omitted).

This strict compliance regime, however, does not require a mortgagee's "punctilious performance of every single mortgage term." Pinti, 472 Mass. at 235. Rather, a foreclosing mortgagee must only strictly comply "with the terms of the actual power of sale in the mortgage, [and] with any conditions precedent to the exercise of the power that the mortgage might contain." Id. at 233-34. These terms and conditions precedent include only: "(1) terms directly concerned with the foreclosure sale authorized by the power of sale in the mortgage, and (2) those prescribing

5

actions the mortgagee must take in connection with the foreclosure sale — whether before or after the sale takes place." Id. at 235.  Accordingly, notices of default must strictly comply with the default notice provisions of Paragraph 22 in a GSE Uniform Mortgage.  Id. at 240.

On the other hand, other aspects of this regulatory scheme do not require strict compliance. As relevant here, Mass. Gen. L. c. 244, § 35A "establishes notice requirements before a foreclosing mortgagee can accelerate a mortgage obligation and foreclose based on borrower default." Thompson v. JPMorgan Chase Bank, N.A., 486 Mass. 286, 289 (2020).  Under the statute, the required right-to-cure notice must inform the mortgagor, among other things, of "notice of default, of the right to cure, of the deadline by which the default must be cured, and that failure to cure the default may result in acceleration and foreclosure by sale," Pinti, 472 Mass. at 239, in compliance with the Division of Banks' regulations, Thompson, 486 Mass. at 289 (citing 209 C.M.R. § 56.04). As the purpose of § 35A is "to give a mortgagor a fair opportunity to cure a default before the debt is accelerated and before the foreclosure process is commenced," the right to cure is a "preforeclosure undertaking" that does not require strict compliance because § 35A is not a statute "relating to the foreclosure of mortgages by the exercise of a power of sale."  U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 431 (2014) (quoting Mass. Gen. L. c. 183, § 21) (internal quotation marks omitted).  As such "Pinti has no application to the Right to Cure Letters." Giannasca v. PHH Mortg. Corp., 615 F. Supp. 3d 9, 13 (D. Mass. 2022); see Schumacher, 467 Mass. at 431.

A foreclosing mortgagee can also send a "hybrid notice," a notice sent to fulfill the mortgagee's obligations under Paragraph 22 of the GSE Uniform Mortgage and § 35A. Thompson, 486 Mass. at 292-93.  In such a case, "[a]ny provision contained in GSE Uniform Mortgage [P]aragraph 22 must meet the heightened strictures of Pinti's compliance regime, while

6

those notice provisions found only in . . . § 35A, would be subject to the lesser requirements articulated in Schumacher." Id. at 292 n.7.

1.    *The October 2022 Notices of Default Strictly Complied with Paragraph 22 of the Mortgage*

Paragraph 22 of Zacks's Mortgage provides that the Lender must "give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in [the Mortgage]." D. 29-3 at 12. The notice must "specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by [the Mortgage] and sale of the Property" and "further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." Id.

As to whether Defendants gave notice of Zacks's breach, there is no dispute in the record that Defendants complied with this requirement by sending the October 2022 Notices of Default to Zacks and her late husband following their default on the mortgage. D. 31 ¶¶ 9-10; D. 33 ¶¶ 9-10; see D. 29-10. Although Zacks contends that she "does not recall receiving this notice," D. 33 ¶ 11, paragraph 15 of the Mortgage specifies that "[a]ny notice to Borrower in connection with [the Mortgage] shall be deemed to have been given to Borrower when mail by first class mail or when actually delivered to Borrower's notice address if sent by other means," D. 29-3 at 10. Here, there is no genuine dispute that the October 2022 Notices of Default were provided to Zacks and her late husband where Zacks does not dispute that these notices were sent, D. 33 ¶ 11; see D. 32 at 4 (conceding this point), Defendants provided a sworn affidavit that these notices were sent, D. 29-7 ¶ 13, and Defendants provided copies of said notices, D. 29-10. See Kennedy v. Shellpoint

7

Mortg. Servicing, No. 24-cv-10763-ADB, 2025 WL 777214, at *4 (D. Mass. Mar. 11, 2025). Accordingly, no reasonable jury could conclude that Defendants violated Mass. Gen. L. c. 183, § 21 on this ground.

As for the required content of the notices, it is also undisputed that the October 2022 Notices of Default specify that:  (1) Zacks and her late husband owed $12,802.86 in past due mortgage payments; (2) "[i]n order to cure the default, payment for the entire total amount past due, plus any amount(s) becoming due in the interim, must be received on or before [November 8, 2022]"; (3) "[f]ailure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the [Mortgage] and sale of the Property;" and (4) "[a] customer has the right to reinstate the account after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale."  D. 29-10 at 3, 7; see D. 31 ¶ 12; D. 33 ¶ 12.  As the October 2022 Notices of Default include all the information required under Paragraph 22 of the Mortgage, these notices comply with Paragraph 22 as a matter of law.  See Davalos v. HSBC Bank USA, Nat'l Ass'n as Tr. for Freemont Home Loan Tr., 2006-E, Mortg.-Backed Certificates, Series 2006-E, Newrez LLC, No. 23-cv-10270-DJC, 2023 WL 3984832, at *4 (D. Mass. June 13, 2023) (concluding same as to notice with nearly identical language); Thompson, 486 Mass. at 294-95 (same).

Zacks's argument that the October 2022 Notices of Default do not strictly comply with Paragraphs 22(c) and (d) of the Mortgage because the date listed for her to cure her default in the October 2022 Notices of Default differs from the deadline listed in the later April 2024 Right To Cure Notice for her to pay the outstanding balance on her Mortgage, D. 32 at 6-9, lacks merit.[1]  As

---

[1] Defendants argue that this claim also fails because Zacks has raised it for the first time in her opposition.  D. 40 at 3-5.  Although, as Defendants note, "[p]laintiffs may not 'raise new and unadvertised theories of liability for the first time in opposition to a motion for summary

noted above, "Pinti demands strict compliance only with '(1) terms directly concerned with the foreclosure sale authorized by the power of sale in the mortgage, and (2) those prescribing actions the mortgagee must take in connection with the foreclosure sale — whether before or after the sale takes place.'" Giannasca, 615 F. Supp. 3d at 13 (quoting Pinti, 472 Mass. at 235). As such, Defendants were under no obligation to ensure that the cure deadline listed in the April 2024 Right To Cure Notice, which governs a distinct cure period from that of the October 2022 Notices of Default, was consistent with the date in the earlier October 2022 Notices of Default, Pinti, 472 Mass. at 233-34, particularly as the October 2022 Notices of Default were not sent simultaneously with the April 2024 Right To Cure Notice, but rather eighteen months prior. D. 31 ¶¶ 10-11, 13; D. 33 ¶¶ 10-11, 13; see D. 40 at 1-2. Nor is Zacks's contention that such "inconsistency" renders the October 2022 Notices of Default "false and potentially deceptive," D. 32 at 7-9, persuasive. See In re Correa, No. 23-cv-10808-RGS, 2023 WL 7496543, at *4 (D. Mass. Nov. 13, 2023) (citing Thompson, 486 Mass. at 294 (noting that Section 35A's "more generous reinstatement time period" always provides 90 days to cure a default, and statements of shorter reinstatement periods are not "potentially deceptive" if the mortgagee is told elsewhere she has 90 days to cure)).

Zacks's argument that the October 2022 Notices of Default violate Mass. Gen. L. c. 183, § 21 because they contain an additional statement not required by Paragraph 22, D. 1-1 ¶ 26; see D. 32 at 13-16, is likewise unavailing because this language does not appear in the October 2022 Notices of Default. D. 29-10. Rather, this language appears in the April 2024 Right To Cure Notice, D. 29-11 at 9, which, as explained below, was sent pursuant to Mass. Gen. L. c. 244, §

---

judgment,'" Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 76 (1st Cir. 2016) (quoting Calvi v. Knox Cty., 470 F.3d 422, 431 (1st Cir. 2006)), here, Zacks had alleged in her complaint that any notice of default did not comply with Paragraph 22 of the Mortgage, D. 1-1 ¶ 15, which embraces this argument.

35A, not Paragraph 22. As such, its inclusion does not present a violation of Mass. Gen. L. c. 183, § 21. See Giannasca, 615 F. Supp. 3d at 13 (rejecting mortgagor's argument that foreclosure sale was invalid because of lack of compliance with Mass. Gen. L. c. 244, § 35A where "the language to which he objects does not appear in the Notice of Default but rather in the Right to Cure Letters"); see also id. (collecting cases noting that "strict or exact compliance" with the provisions of § 35A is not a prerequisite of a valid foreclosure") (internal citation and quotation marks omitted).

Accordingly, Zacks has failed to establish that the October 2022 Notices of Default violate Mass. Gen. L. c. 183, § 21 as a matter of law.

2.      *The April 2024 Right To Cure Notice is not a hybrid notice*

Zacks devotes much of her opposition to arguing that the April 2024 Right To Cure Notice was a hybrid notice that failed to strictly comply with Paragraph 22 of the Mortgage. See generally D. 32 at 6-20. This argument fails for two reasons.

First, Zacks's contention that the April 2024 Right To Cure Notice is a hybrid notice is unpersuasive. A "hybrid notice" is a notice sent to fulfill the mortgagee's obligations under both Paragraph 22 of the GSE Uniform Mortgage and § 35A. Thompson, 486 Mass. at 292-93. Zacks argues that the April 2024 Right To Cure Notice is a hybrid notice because it informed her of her "right to reinstate the loan after acceleration and the right to bring a court action," D. 29-11 at 9, which is a disclosure required by the Mortgage not § 35A, and thus the notice necessarily "intended to comply with both paragraph 22 and 35A." D. 32 at 11-13; see D. 29-11 at 9. For this argument, Zacks relies heavily upon Thompson. In Thompson, the Supreme Judicial Court confronted a notice which, similar to the April 2024 Right To Cure Notice here, included information regarding acceleration and a right to a court action in addition to the required language issued by the Division

10

of Banks for mortgagees to include in a § 35A notice.  Compare Thompson v. JPMorgan Chase Bank, N.A., No. 18-cv-10131-RWZ, D. 9-1 at 10 (D. Mass. Mar. 1, 2018) with D. 29-11 at 1-9; see 209 C.M.R. § 56.04.  The Supreme Judicial Court concluded that this "one notice which satisfied the requirements of both G. L. c. 244, § 35A, and, at least facially, those of paragraph 22 of the plaintiffs' GSE Uniform Mortgage" was a hybrid notice.  Thompson, 486 Mass. at 292-93; see id. (noting that "[t]he possibility of such a so-called 'hybrid notice' is explicitly contemplated by paragraph 15 of the GSE Uniform Mortgage itself"); D. 29-3 at 10 (containing identical provision).

Although, as Zacks notes, D. 32 at 12-13, the notice in Thompson is substantially similar to the April 2024 Right To Cure Notice in the present action, Zacks's argument that the April 2024 Right To Cure Notice too is a hybrid notice fails because "[u]nlike the Thompson mortgagee, [D]efendants did not send a single notice purporting to satisfy both § 35A and paragraph 22," Giannasca, 615 F. Supp. 3d at 13 (concluding that right-to-cure letter was not a hybrid notice where defendants sent a Notice of Default "in October, 2014, followed several months later by the First Right to Cure Letter"), but rather sent the Notices of Default on October 4, 2022, D. 31 ¶¶ 10-11; D. 33 ¶¶ 10-11; D. 29-10, followed eighteen months later by the Right to Cure Notice on April 15, 2024, D. 31 ¶ 13; D. 33 ¶ 13; D. 29-11.  Accordingly, as the undisputed record establishes that Defendants sent these two notices as "distinct" documents over a year-and-a-half apart and, as explained above, Defendants had already satisfied the requirements under Paragraph 22 of the Mortgage with the October 2022 Notices of Default at the time they sent the April 2024 Right To Cure Notice, no jury could reasonably conclude that Defendants intended for the April 2024 Right To Cure Notice to be a hybrid notice that simultaneously satisfies Paragraph 22 and § 35A.  See Giannasca, 615 F. Supp. 3d at 13; D. 31 ¶¶ 16, 28; D. 33 ¶¶ 16, 28; D. 29-7 ¶ 17.  As such, the

Court concludes that the April 2024 Right To Cure Notice is not a hybrid notice but instead a notice sent pursuant to § 35A. See Giannasca, 615 F. Supp. 3d at 13; see also Davalos, 2023 WL 3984832, at *3 (concluding that a notice was sent pursuant to § 35A and was not a hybrid notice in part because the notice "is entitled '90 Day Right to Cure Your Mortgage Default,' not 'Notice of Default' or 'Default Notice'" and the notice "follows the required language issued by the Division of Banks for mortgagees to include in a § 35A notice").[2]  As the April 2024 Right To Cure Notice was sent pursuant to § 35A, Zacks's arguments that it violated Mass. Gen. L. c. 183, § 21 necessarily fail as "[u]nlike the Notice of Default, the Right to Cure Letters, sent pursuant to M.G.L. c. 244, § 35A, neither concern the power of sale nor prescribe any action that must be taken in connection with foreclosure" and are, therefore, not a part of Pinti's strict compliance scheme. Giannasca, 615 F. Supp. 3d at 13; Schumacher, 467 Mass. at 431.

Second, even assuming *arguendo* the April 2024 Right To Cure Notice was a hybrid notice, Defendants strictly complied with the regulatory scheme for such a notice.  As mentioned above, in the case of a hybrid notice, any provision from Paragraph 22 "must meet the heightened strictures of Pinti's compliance regime." Thompson, 486 Mass. at 292 n.7.  Thus, according to the Mortgage, any such notice must have informed Zacks in strict compliance with the requirements listed under Paragraph 22, as outlined above.  "Massachusetts law requires that the paragraph 22 notice given to the mortgagor be accurate and not deceptive . . . and the Supreme Judicial Court has made clear that inaccuracy or deceptive character can be fatal." Thompson, 982 F.3d at 812.

Zacks first argues that the April 2024 Right To Cure Notice fails to strictly comply with Paragraphs 22(a) and (b) because the sum of the "past due amount specified" of $65,601.78 does

---

[2] To the extent Zacks also contends that the "RIGHT TO REQUEST A MODIFIED MORTGAGE LOAN" letter sent on April 15, 2024 is a hybrid notice, see D. 29-12, this argument too fails at least for the same reasons as explained as to the April 2024 Right To Cure Notice.

not total the past due amount of $60,360.51 and, therefore, fails to define the default and the action required to cure the default.  D. 32 at 9-11.[3]  This argument fails.  Under these provisions, Defendants were required to "specify (a) the default" and "(b) the action required to cure the default."  D. 29-3 at 12.  The April 2024 Right To Cure Notice states that Zacks "did not make [her] monthly loan payments" due between June 1, 2022 and April 1, 2024 and "must pay the past due amount of $60,360.51 on or before July 14, 2024."  D. 29-11 at 3-4.  Zacks appears to contend, however, that the past due amounts listed do not compute to $60,360.51 but rather to $65,601.78, and that, given this computation error, the notice "fails to define the default" because it gives two different amounts to cure the default.  D. 32 at 9-10.  To the extent Zacks contends that the sum of the itemized "past due amount" is inaccurate, the inclusion of an itemized "past due amount" is a requirement under Mass. Gen. L. c. 244, § 35A, not Paragraph 22.  Compare 209 C.M.R. § 56.04 with D. 29-3 at 12.  Accordingly, the itemized past due amount is not subject to Pinti's strict compliance regime but instead is "subject to the lesser requirements articulated in Schumacher." Thompson, 486 Mass. 286 at 292 n.7.

Zacks also contends that the April 2024 Right To Cure Notice fails to strictly comply with Paragraphs 22(a) and (b) because it includes attorneys' fees in violation of Paragraphs 5, 7(E), 14 and 22 and Mass. Gen. L. c. 244 §35(d).  D. 32 at 10-11.  As to the provisions of the Mortgage, "fatal to [Zacks]' argument is the fact that the line of cases upon which he relies—namely, Pinti, Marroquin, and Thompson—'speak only to the lender's obligation with respect to the notice of default.'"  Davalos, 2023 WL 3984832, at *5 (quoting Stephens v. Rushmore Loan Mgmt. Servs., LLC, No. 22-cv-10225-ADB, 2022 WL 1608470, at *5 (D. Mass. May 20, 2022)).  Indeed, the

---

[3] Although this argument is framed as though advanced as to the October 2022 Notices of Default, it focuses exclusively on the language found in the April 2024 Right To Cure Notice, not the October 2022 Notices of Default.  D. 32 at 9-11.

First Circuit has declined to hold that provisions outside of the notice of default "on [their] own, impose any notice requirements on [the lender]." Thompson v. JPMorgan Chase Bank, N.A., 982 F.3d 809, 812 (1st Cir. 2020). As to §35(d), as stated above, § 35A is a "preforeclosure undertaking" that does not require strict compliance because § 35A is not a statute "relating to the foreclosure of mortgages by the exercise of a power of sale." Schumacher, 467 Mass. at 431 (quoting Mass. Gen. L. c. 183, § 21) (internal quotation marks omitted). Any purported failure to comply with these provisions, thus, cannot constitute a violation of Mass. Gen. L. c. 183, § 21.

Accordingly, Zacks fails to establish that the April 2024 Right To Cure Notice violates Mass. Gen. L. c. 183, § 21 as a matter of law on the ground that it failed to strictly comply with Paragraphs 22(a) and (b).

Zacks next contends that the April 2024 Right To Cure Notice violates Mass. Gen. L. c. 183, § 21 because it includes additional language not required by the Mortgage or the statute and is thus misleading. D. 32 at 13-16. This argument too is unavailing. This notice includes the language that: "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved." D. 29-11 at 9. This Court has confronted this issue under identical language and concluded that its addition does not constitute a violation of Mass. Gen. L. c. 183, § 21. Davalos, 2023 WL 3984832, at *4; compare Davalos v. HSBC Bank USA, Nat'l Ass'n as Tr. for Freemont Home Loan Tr., 2006-E, Mortg.-Backed Certificates, Series 2006-E, Newrez LLC, No. 23-cv-10270-DJC (D. Mass. Feb. 7, 2023), D. 10-1 at 36 with D. 29-11 at 9. While additional language can render an otherwise compliant notice inaccurate or misleading, see Aubee v. Selene Fin. LP, 56 F.4th 1, 6-8 (1st Cir. 2022), similar to the additional language in Davalos, here, "the Court does not 'find[] . . . the language at issue . . . either ambiguous or contradictory,'" Davalos, 2023 WL

3984832, at *4 (alteration in original) (quoting Est. of Orre v. Ocwen Loan Servicing, LLC, No. 19-cv-10553-TSH, 2023 WL 2743338, at *5 n.9 (D. Mass. Mar. 31, 2023)). "Indeed, the language at issue, '[i]f your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved,' appears within a discussion of the mortgagor's right to reinstate the mortgage," id. (alteration in original; internal citation omitted); see D. 29-11 at 9, and "the Notice does not seek or purport to seek acceleration," Davalos, 2023 WL 3984832, at *4; see Kennedy, 2025 WL 777214, at *6 (concluding same); O'Brien v. Nationstar Mortg. LLC, No. 23-cv-10774-LTS, 2023 WL 5438792, at *3 (D. Mass. July 25, 2023) (concluding same under similar language). This argument likewise fails here.

Finally, Zacks argues that the term "total amount due" is misleading as it may be interpreted as meaning the accelerated amount as defined by Massachusetts law and under the Mortgage. D. 32 at 16-20. The Court again confronted and rejected this identical argument in Davalos. Davalos, 2023 WL 3984832, at *5. Here too, this argument fails. Specifically, Zack argues that the phrase "total amount due" is being used inconsistently, because in the language at issue it is meant to refer to only the past due amount. D. 32 at 16-20. "Identical words or phrases, however, can have different meanings depending on their context," Davalos, 2023 WL 3984832, at *5 (citing McAdams v. Mass. Mut. Life Ins. Co., 391 F.3d 287, 299 (1st Cir. 2004) (explaining that "[c]ontract interpretation under Massachusetts law depends heavily on context and recognizes that words can have different meanings in different contexts" (collecting cases))), and, in the context of reinstatement, the Court concludes that the language refers to the total past due amount indicated throughout the April 2024 Right To Cure Notice, Est. of Orre, 2023 WL 2743338, at *5 & n.9

15

(addressing identical language and denying motion to amend to make a similar claim as futile);

Davalos, 2023 WL 3984832, at *5 (same).  Accordingly, this argument fails.

For the aforementioned reasons, Zacks has failed to establish her claims as a matter of law.[4]

## VI.    Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion for summary judgment.  D. 29.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge

---

[4] Having determined that Zacks's claim fails as a matter of law, the Court need not reach Defendants' damages argument.  D. 30 at 13-14.